BAYARD L. DUNKLE, PLAINTIFF, v. FLOYD S. CLARK, DEFENDANT.

Decided January 4, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *W. Holt Apgar.*

*Contra, William N. Cooper.*

PER CURIAM.

An action was brought in the Supreme Court by the plaintiff against the defendant to recover the amount due upon two promissory notes, one of which is dated September 15th, 1925, payable at the First National Bank, Milltown, New Jersey, in three months after date, to the order of the Trenton Patent Manufacturing Company, and is for the sum of $450, with interest as per cent. per annum, and bears upon its face the statement for "value received," and is signed by Floyd S. Clark, the defendant. The other note is dated October 15th, 1925, and is for the sum of $475, but otherwise is of the same tenor of the note above referred to, and this note is also signed by Floyd S. Clark, the defendant. The action resulted in a verdict for the defendant.

The plaintiff's complaint alleges, in substance, that both of the notes referred to were purchased by the plaintiff from the

payee, the Trenton Manufacturing Company, Incorporated, a corporation, for value, and was endorsed by the payee to the plaintiff, and that the plaintiff is the owner of them.

The defendant, in his awner, sets up two defenses: First, that the notes were given for stock in the Trenton Manufacturing Company, sold by its agent who fraudulently represented the financial condition of the company in stating that the stock was in a corporation "that had assets, was successful," and was "conducting a going business, and that the business was prosperous and making money" * * * whereas "all of which statements were untrue and false; that the corporation had no assets, was not successful, did not conduct a going business, was not prosperous, and had no money, and that these false and fraudulent representations were well known to the plaintiff, he being, at that time, an officer of the corporation, and knew that the said misrepresentations were made in order to obtain the notes from the defendants," and secondly, that the plaintiff paid no value for the notes, but that the same were turned over to him, after maturity, for the sole purpose of collecting the same, &c."

In his replication to the answer plaintiff joined issue.

From the testimony it appeared that the two promissory notes sued upon were renewals of a note or notes given by the defendant Clark to the Trenton Manufacturing Company for the purchase of stock of that company, at which time plaintiff was the treasurer of the company, and thus presumably informed of its financial soundness.

A review of the testimony discloses that the Trenton company was not in a prosperous condition, but was in actual financial distress at the time the representations were made by one Alexander, who was the accredited agent of the company for the sale of its stock, and which representations a jury was warranted in finding, induced the defendant to give his notes for the purchase of the stock, and that the plaintiff was aware, as early as the year 1923, and before the stock was sold to the defendant by Alexander, that the latter was making misrepresentations as to the financial soundness and prosperity of the company, but nevertheless was con-

tinued in the employ of the company as the selling agent of its stock.

We are unable to say that the result arrived at by the jury is so beyond the weight of evidence that it can be fairly said that the verdict was the result of partiality, passion, mistake or prejudice.

We have examined the other reasons presented for a new trial and find no merit in them.

The rule to show cause is discharged, with costs.